UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOY RACER, INC., | ) Case No.: 11-CV-2329-PSG |
| Plaintiff, | ) |
| v. | ) ORDER GRANTING-IN-PART |
| | ) MOTION FOR LEAVE TO TAKE |
| DOES 1-52, | ) LIMITED DISCOVERY PRIOR TO |
| | ) RULE 26(F) CONFERENCE |
| Defendants. | ) |
| | ) (Re: Docket No. 6) |

On May 11, 2011, Plaintiff Boy Racer, Inc. ("Boy Racer") filed this lawsuit for copyright infringement against 52 separate "Doe" Defendants. Ordinarily, Fed. R. Civ. P. 26(d)(1) precludes discovery before the conference required under the Fed. R. Civ. P. 26(f). Pursuant to the court's scheduling order, the parties were to meet as required by Fed. R. Civ. P. 26(f) no later than July 12, 2011. Boy Racer now moves for leave to take discovery in advance of July 12, 2011. Boy Racer specifically seeks leave to serve subpoenas on several enumerated ISPs to obtain the true identities of Doe Defendants for purpose of service in accordance with Fed. R. Civ. P. 4.

Boy Racer's motion raises the same issues as those recently addressed by the court in response to a near identical motion for leave to take expedited discovery in *Diabolic Video Productions, Inc. v. Does 1-2099.*[1] There, the court granted leave to take expedited discovery, but

---

[1] *See Diabolic Video Productions, Inc. v. Does 1-2099*, No. 5:10-cv-05865-PSG, Amended Order Granting-In-Part Motion for Leave To Take Limited Discovery Prior to Rule 26(f) Conference (Docket No. 16).

1

Case No.: 11-2329
ORDER

only as to Doe 1. As to Does 2 through 2,099, the court severed Does 2 through 2,099 and ordered the claims against Does 2 through 2,099 reassigned to an Article III judge. The court further recommended that the claims against Does 2 through 2,099 be dismissed without prejudice and, if refiled within 20 days, deemed continuation of the original action for purposes of the statute of limitations.

The court sees no reason to treat Boy Racer's motion in this case any differently. Accordingly, Boy Racer's motion therefore is GRANTED, but only as to Doe 1 and as follows.

IT IS HEREBY ORDERED that Boy Racer is allowed to serve immediate discovery on Doe 1's ISP listed in Exhibit A to the Complaint by serving a Rule 45 subpoena that seeks information sufficient to identify Doe 1, including the name, addresses, telephone numbers, and email addresses of Doe 1. Boy Racer's counsel shall include a copy of this order.

IT IS FURTHER ORDERED that the ISP will have 30 days from the date of service upon it to serve Doe 1 with a copy of the subpoena and a copy of this order. The ISP may serve Doe 1 using any reasonable means, including written notice sent to Doe 1's last known address, transmitted either by first-class mail or via overnight service. The ISP and Doe 1 each shall have 30 days from the date of service to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30-day period lapses without Doe 1 or the ISP contesting the subpoena, the ISP shall have 10 days to produce to Boy Racer the information responsive to the subpoena with respect to Doe 1.

IT IS FURTHER ORDERED that the ISP shall not assess any charge to Boy Racer in advance of providing the information requested in the subpoena, and that the ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by the ISP.

IT IS FURTHER ORDERED that the ISP shall preserve all subpoenaed information pending the ISP's delivering such information to Boy Racer or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

IT IS FURTHER ORDERED that any information disclosed to Boy Racer in response to a subpoena may be used by Boy Racer solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101 et seq.

IT IS FURTHER ORDERED that Does 2 through 52 are SEVERED from this action and that the claims against Does 2 through 52 be reassigned to an Article III judge. In view of the misjoinder described above, the undersigned respectfully recommends that the claims against Does 2 through 52 be dismissed without prejudice. The undersigned further recommends that if Boy Racer can refile separate complaints against Does 2 through 52 within 20 days of this order, such actions should be deemed a continuation of the original action for purposes of the statute of limitations.[2]

**IT IS SO ORDERED.**

Dated: May 31, 2011

                                         _____
                                         PAUL S. GREWAL
                                         United States Magistrate Judge

---

[2] This court is ordering reassignment to an Article III judge because, absent the consent of all parties, a Magistrate Judge does not have authority to make case-dispositive rulings. *See, e.g., Tripati v. Rison*, 847 F.2d 548, 549 (9th Cir. 1988).

3

Case No.: 11-2329
ORDER