Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| BOY RACER, INC., | ) | **No. C-11-02329 PSG** |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S CASE MANAGEMENT** |
| v. | ) | **CONFERENCE STATEMENT** |
| | ) | |
| DOE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**

Plaintiff Boy Racer, Inc., by and through its counsel, hereby submits Plaintiff's Case Management Conference Statement pursuant to the Court's Order Setting Initial Case Management Conference (ECF No. 3), and Northern District of California Civil Local Rule (hereinafter "L.R.") 16-9(a).[1]

**1. Jurisdiction and Service:**

Per L.R. 3-5, and as alleged in Plaintiff's Complaint (ECF No. 1 ¶ 2), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C.

---

[1] The Subscriber connected directly to Internet Protocol address (hereinafter "IP address") 173.67.109.59 was contacted and refused to participate in a Joint Statement. The details of his lack of cooperation are outlined in the Declaration of Brett Gibbs, attached hereto as Exhibit A.

§ 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution. Subscriber has not made any counterclaims in this matter.

This Court has personal jurisdiction over all of the parties because, upon credible information and belief gathered by Plaintiff, the Doe Defendant, using IP address 173.67.109.59, either resides or committed copyright infringement in the State of California. Plaintiff used geolocation technology to trace the IP address of Doe Defendant to a point of origin within the State of California.  In addition, Subscriber admits that his IP address was assigned to him at his home in California. Thus, there are no actual or potential personal jurisdiction issues in this case.

At this time, the remaining unidentified Doe Defendant—after the Court's Order Granting-in-Part- Motion for Leave to Take Limited Discovery Prior to Rule 26(f) Conference  (ECF No. 24, May 31, 2011)—who used IP address 173.67.109.59 to illegally infringe on Plaintiff's copyrighted works has not been served for the simple reason that he has yet to be identified.  While Plaintiff has the identifying information of the subscriber, this does not tell Plaintiff who illegally downloaded Plaintiff's works, or, therefore, who Plaintiff will name as the Defendant in this case.  It could be the Subscriber, or another member of his household, or any number of other individuals who had direct access to Subscribers network.  While Plaintiff is confident that such a group is limited and clearly defined, Plaintiff will require further discovery in this case, including Federal Rule of Civil Procedure ("FRCP") 34 Request for Production of Documents and Things.  That FRCP 34 Request will specifically ask to inspect Subscriber's computer, and all those computers that subscriber has reasonable control over/access to, for the limited purpose of discovering who accessed the BitTorrent protocol, entered a swarm containing a File with Plaintiff's copyrighted video, and unlawfully downloaded it.  Of course, Plaintiff's discovery will stop there, and will likely include the

usual depositions, interrogatories, and other methods to aid Plaintiff in the discovery of evidence in this case.

After making the determination as to the correct Defendant, Plaintiff will effectuate service.

**2. <u>Facts</u>:**

Plaintiff is an organization that holds the distribution copyrights to certain adult entertainment content. Doe Defendant is an alleged copyright infringer.  Subscriber is an individual whose IP address was used to illegally download Plaintiff's copyrighted works .

Doe Defendant, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. Defendant operated under the cover of a network address when he/she joined a common swarm composed of fellow infringers, who downloaded the same exact file and unlawfully distributed Plaintiff's copyrighted works amongst one another. Due to the quasi-anonymous fashion in which Doe Defendant conducted him/herself online, Plaintiff is unaware of Doe Defendant's actual identifying information—including his/her name, address, telephone, and Media Access Control ("MAC") information.

Through unique proprietary software, Plaintiff's agents identified Doe Defendant by a unique IP address, assigned to him/her by his/her ISP on the date and at the time of Doe Defendant's infringing activity. Plaintiff, by and through its investigators, also made a copy of substantial portions of the copyrighted work that Doe Defendant unlawfully distributed or made available for distribution through the file sharing networks, and confirmed that such files contained the work that was copyrighted by Plaintiff. A technician collected this data through systems and procedures specifically designed to ensure that the information gathered on each Doe Defendant was accurate.

Through Plaintiff's agents' work, it is overwhelmingly clear that an unidentified individual using the identified Internet Protocol ("IP") address (as specified on Exhibit A of Plaintiff's Complaint), which was assigned to Subscriber by his/her ISP, unlawfully downloaded Plaintiff's copyrighted works on the Internet via BitTorrent. (ECF No. 1 at 13.) The only remaining question

are: Was it Subscriber who downloaded Plaintiff's copyrighted work through Subscriber's IP address, or another individual in his household, using his online network.

**3. Legal Issues:**

At this point, there is no legal issue. Plaintiff states a *prima facie* case for copyright infringement.

**4. Motions:**

On May 12, 2011, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 6.) On April 12, 2011, that Application was granted in part, and severed as to the 51 other individuals joined in this case. (ECF No. 8.)

On July 8, 2011, Plaintiff filed its *Ex Parte* Application for Leave to Continue Initial Case Management Conference. (ECF No. 9.) On July 14, 2011, that motion was granted. (ECF No. 13.)

**5. Amendment of Pleadings:**

None.

**6. Evidence Preservation:**

Plaintiff's agents at Media Copyright Group, LLC ("MCG") engaged in real time monitoring of Doe Defendant's infringing activity using its proprietary software. MCG's proprietary software is effective in capturing granular-level data about the activity of peers in a swarm and their infringing conduct. MCG's processes are designed to ensure that information gathered about Doe Defendant is accurate. Once gathered and it is determined that the information is relevant to an upcoming case, this information is stored by MCG for trial.

When the Court granted Plaintiff the right to issue a subpoena to identify the Doe Defendant remaining in this case, the ISP was clearly instructed to preserve all available subscriber information relating to the IP address 173.67.109.59 (Order Granting Pl.'s Appl. for Leave to Take Disc. Prior to Rule 26(f) Conference 2:23–25, Apr. 12, 2011, ECF No. 8.) While most IP addresses are dynamic, and there are no uniform governmental rules for keeping subscriber information at this time, the Court's previous order ensured that all information then known to the ISP concerning said IP address at the time the Court's order was received by the ISP would be preserved until notified otherwise.

In addition, once Subscriber was identified, he was quickly served with a letter from Plaintiff's counsel notifying him that he must not dispose of, erase, alter, etc. anything on his computer, or elsewhere, relevant to this matter.  Also, on August 26, 2011, Plaintiff's trial counsel spoke directly with Subscriber, who, at that time, was unrepresented by counsel, and fully explained to Subscriber his obligation to preserve this information. (Declaration of Brett Gibbs Re: Case Management Conference Statement [hereinafter "Gibbs Decl."] ¶ 2.)

In talks with Subscriber, however, he has told Plaintiff's attorney that he felt like destroying and/or disposing of his computer.  When told by Plaintiff's counsel that such actions would violate the explicit instructions of Plaintiff's counsel and his ISP, and may even result in Court sanctions for spoliation, Subscriber indicated that he did not care.  While Subscriber is fully aware of the gravity of this situation, Plaintiff's is concerned that he may in fact do something rash to attempt to escape liability in this case in the near future.

**7. Disclosures:**

Plaintiff is in the process of formulating and filing initial disclosures for the Initial Case Management Conference.

According to talks with Subscriber, he is proceeding in this matter pro se.  In court-mandated discussions between him and Plaintiff's counsel, Subscriber has expressed a thorough confusion of the FRCP, the L.R.'s, and how cases unfold in federal court, including rules relating to initial disclosures.

**8. Discovery:**

As noted above, on May 12, 2011, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 6.) On May 31, 2011, that Application was granted, but as to only a single Defendant associated with the IP address 173.67.109.59. (ECF No. 8.) This allowed Plaintiff to subpoena identifying information from the ISP relating to the unidentified Subscriber who was associated with the first IP addresses listed on Exhibit A of the Complaint (ECF No. 1 at 13.)

As alluded to above, Plaintiff plans to request, and/or issue a subpoena for, a limited inspection of Subscriber electronically stored information and tangible things, such as Subscriber's

computer and the computers of those sharing his Internet network, for the purpose of finding the individual that unlawfully violated Plaintiff's copyrighted works by uploading/downloading the file referenced BitTorrent, or to see whether such information has since been erased contrary to instructions by Verizon Online and Plaintiff's attorneys.

**9. Class Actions:**

    Not applicable.

**10. Related Cases:**

    Not applicable.

**11. Relief:**

    Plaintiff prays for the following relief in this case, as fully outlined in its Complaint: (1) That the Court enter a written judgment declaring that the Doe Defendant infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful; (2) That the Court enter a written judgment declaring that Doe Defendant has injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint; (3) That the Court issue injunctive relief against Doe Defendant, enjoinng and restraining the Doe Defendant and all others in active concert with him/her from further violating Plaintiff's copyrighted works, and further issue an order impounding or requiring Doe Defendant to destroy all copies of those unlawfully copyrighted files in Doe Defendant's possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a); and (4) That the Court enter a written judgment in favor of the Plaintiff against Defendant for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and fifty-thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial.

    As previously discussed, Subscriber has not made any counterclaims.

**12. Settlement and ADR:**

    Considering the strength of Plaintiff's case, the prospects for settlement should be extremely high.

Currently, the Court has not scheduled an ADR Phone Conference despite Plaintiff's request. (*See* ECF. No. 11.)

**13. Consent to Magistrate Judge For All Purposes:**

Plaintiff has consented to proceed in front of the Honorable Magistrate Judge Paul S. Grewal for all purposes.

As of yet, Subscriber has not consented to proceed before a Magistrate Judge.

**14. Other References:**

None that the parties can identify at this time.

**15. Narrowing of Issues:**

Plaintiff would be more than happy to narrow the issues in this case. Plaintiff believes that this could expedite this case, and lead to a fair and economic result.

**16. Expedited Schedule:**

Plaintiff has no objection to this case being handled in an expedited manner. However, again, Plaintiff will need to conduct the aforementioned discovery prior to solidifying its case against Doe Defendant. On the other hand, Plaintiff is confident that it could accomplish the necessary discovery in an expedited manner as long as Subscriber fully cooperates with Plaintiff's requests.

**17. Scheduling:**

At this point, considering that Plaintiff's counsel and Subscriber have only recently begun discussing the details of this case, no schedule has been agreed upon, or even proposed. Additionally, Subscriber's general resistance to this entire suit does not bode well for setting up a timetable in the near future. Plaintiff, on the other hand, is ready to proceed with or without Subscriber.

//

//

**18. <u>Trial</u>:**

At this point, without knowing the extent of the witnesses and physical evidence that will be presented at trial, both parties would only be making absolute guesses as to how long a trial would take. Should the Court require that guess, Plaintiff would estimate two full days.

**19. <u>Disclosure of Non-Party Interested Entities or Persons</u>:**

Plaintiff has filed its Certification of Interested Entities or Persons. (June 11, 2011, ECF No. 2.) Subscriber has not filed his Certification of Interested Entities or Persons.

Plaintiff believes there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (other than the parties themselves) that may have a personal or affiliated financial interest in this subject matter in controversy, or any other kind of interest that could be substantially affected by the outcome of the proceedings other than the parties.

**20. <u>Other Matters</u>:**

It is Plaintiff's view that there is no logical reason that this case should go to trial. However, Plaintiff is more than willing to bring it there if necessary. It is Plaintiff's belief that this case will settle.  If it does not, the only issue in this case will be whether it was Subscriber who downloaded Plaintiff's copyrighted work through Subscriber's IP address, or another individual in his household, using his online network.  This issue will only be resolved through Plaintiff's further discovery.

Respectfully Submitted,

STEELE HANSMEIER PLLC,

**DATED: August 30, 2011**

By:      /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

1

## **CERTIFICATE OF SERVICE**

2
3
4

The undersigned hereby certifies that on August 30, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

5

6
7

/s/  Brett L. Gibbs_____
Brett L. Gibbs, Esq.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT          No. C-11-02329 PSG