UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOY RACER, INC., | Case No.: 11-CV-2329-PSG |
| Plaintiff, | **ORDER DENYING FURTHER DISCOVERY; ORDER TO SHOW CAUSE** |
| v. | |
| DOES 1-52, | |
| Defendants. | |

This case is but one of the many "mass copyright" cases to hit the dockets of federal district courts across the country in recent months.[1] While each case is ultimately unique, the initial storyline is largely the same. The plaintiff claims to own title to one or more copyrights in a film, usually of the adult entertainment variety. Claiming widespread infringement of the copyrights by individuals using the popular file-sharing internet protocol known as BitTorrent, the plaintiff brings suit against multiple defendants. Sometimes the defendants number in the dozens; something they number in the hundreds; in some cases they number in the thousands. But rather than naming each defendant by his or her first and last name, as is typical in most suits, the plaintiff sues whatever

---

[1] Boy Racer's counsel has filed dozens of cases in this district alone. *See, e.g., Pacific Century Int'l, Ltd. v. Does 1–101,* Case No. 11–2533–DMR (N.D. Cal. July 8, 2011); *Boy Racer v. Does 2–52,* Case No. 11–2834–LHK (PSG) (N.D. Cal. Aug. 5, 2011); *MCGIP, LLC v. Does 1–149,* Case No. 11–2331–LB (N.D. Cal. Aug. 15, 2011); *Hard Drive Productions, Inc. v. Does 1–188,* Case No. 11–1566–JCS (N.D. Cal. Aug. 23, 2011).

1

Case No.: 11-2329
ORDER

number of "John Does," with each Doe corresponding to an internet protocol ("IP") address associated with the alleged infringing activity.

After filing the suit, the plaintiff seeks discovery from internet service providers who possess subscriber information associated with each IP address. Ordinarily, such discovery is not permitted. Fed. R. Civ. P. 26(d) is clear that, absent a court order, no discovery may take place until after the parties have conferred pursuant to Fed. R. Civ. P. 26(f),[2] and no such conference is possible when the defendants have yet to be identified, let alone named and served. Yet the plaintiff assures the court that this is not a problem. If the court would simply authorize it, the plaintiff can issue a targeted subpoena to the internet service provider associated with each IP address and secure the subscriber information associated with each address. With the subscriber information in hand, the court is told, the plaintiff can proceed to name the defendants in the conventional manner and serve each defendant, so that the case may proceed to disposition. This disposition might take the form of settlement, summary judgment, or if necessary, trial.[3]

This was certainly the storyline in this case. Plaintiff Boy Racer, Inc. ("Boy Racer"), a self-described "premier name within the alt-porn niche," filed this suit against 52 Does for infringement of the copyrighted title "Burning Angel." Boy Racer alleges that the 52 Does correspond to IP addresses observed by Boy Racer and its agents in BitTorrent "swarms" aimed at the unlawful distribution of the copyrighted work. On May 12, 2011, Boy Racer sought leave to take "***limited discovery***"[4] before attending any Rule 26(f) conference. This limited discovery would consist of

---

[2] *See* Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

[3] In a recent opinion in another "mass copyright" case, Judge Zimmerman has described the reality of the end game in many of these cases – quick settlements just below the cost of defense. *See On the Cheap, LLC v. Does 1-5011*, C10-4472 BZ, __ F. Supp. 2d__, 2011 WL 4018258, at *3 (N.D. Cal., Sept. 6, 2011) ("Plaintiff, well aware of the difficulties out-of-state and out-of-district defendants would face if required to appear in San Francisco, has nonetheless sent them settlement demands which apparently inform them that they have been sued in this District. The defendants are left with a decision to either accept plaintiff's demand or incur significant expense to defend themselves in San Francisco or hire an attorney to do so.").

[4] Docket No. 6 at 2 (emphasis in original).

Case No.: 11-2329
ORDER

nothing more than subpoenas to each internet service provider linked to each IP address listed in the complaint.  The subpoenas would require the disclosure of personal identification information sufficient to prosecute the claims in the complaint, including each subscriber's "true name, address, telephone number, e-mail address, and media access control address."[5]  Significantly, the court was told that "[t]he only way that Plaintiff can determine Defendant's actual names is from the ISPs to which Defendants subscribe and from which Defendants obtain Internet access."[6]  Equally significant, the court was told that "[t]hrough the information they gather from the ISPs via these subpoenas, *the plaintiffs are able to fully identify*--i.e. retrieve name, address, telephone number, e-mail address, and Media Access Control (hereinafter 'MAC') information-- *each P2P network user suspected of violating the plaintiff's copyright*."[7]  Despite the Ninth Circuit's general admonition against early discovery in *Wakefield v. Thompson*[8] and *Gillespie v. Civiletti*,[9] the court accepted this representation at face value and granted Boy Racer the leave it requested authorizing service of subpoenas to the ISPs.[10]

Despite securing the leave it requested from the court, weeks passed with no word from Boy Racer that it had served the complaint, let alone met and conferred as required under Rule 26(f).  As the 120-day deadline for service approached,[11] the court convened a case management conference to review Boy Racer's progress in identifying and serving Doe 1.  To the court's surprise, in its filings and oral argument to the court, Boy Racer admitted that, its previous

---

[5] *Id.* at 12.

[6] *Id.* at 2.

[7] *Id.* at 3 (emphasis added).

[8] 177 F.3d 1160, 1163 (9th Cir. 1999).

[9] 629 F.2d 637, 642 (9th Cir. 1980).

[10] Although the court authorized early discovery, it did so only as to Doe 1. Doe 1 is associated with the IP address 173.67.109.59. As to Does 2-52, the court severed the defendants and recommended dismissal to the reassigned district judge. *See* Docket No. 8 at 2-3.

[11] *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

3

Case No.: 11-2329
ORDER

representation notwithstanding, the subpoenas were not sufficient to "fully identify" "each P2P network user suspected of violating the plaintiff's copyright." Instead, it revealed for the first time that still more discovery was required. Boy Racer would require nothing less than an inspection of the subscriber's electronically stored information and tangible things, including each of the subscriber's computer and the computers of those sharing his internet network.

> "While Plaintiff has the identifying information of the subscriber, this does not tell Plaintiff who illegally downloaded Plaintiff's works, or, therefore, who Plaintiff will name as the Defendant in this case. It could be the Subscriber, or another member of his household, or any number of other individuals who had direct access to Subscribers network."[12]

As a result,

> "Plaintiff plans to request a limited inspection of Subscriber's electronically stored information and tangible things, such as Subscriber's computer and the computers of those sharing his Internet network, for the purpose of finding the individual that unlawfully violated Plaintiff's copyrighted works by uploading/downloading the file referenced BitTorrent, or to see whether such information has since been erased contrary to instructions by Verizon Online and Plaintiff's attorneys."[13]

Presumably, every desktop, laptop, smartphone, and tablet in the subscriber's residence, and perhaps any residence of any neighbor, houseguest or other sharing his internet access, would be fair game. Beyond such an inspection, Boy Racer might require still more discovery, including interrogatories, document requests and even depositions.[14]

The court finds this turn of events troubling, to say the least. First, Boy Racer's insistence on additional discovery is plainly inconsistent with its prior representation to the court. There is no dispute that Boy Racer told this court that the "limited" discovery it requested consisted of nothing more than subpoenas to the ISPs. There also is no dispute that Boy Racer told the court that with the results of these subpoenas in hand it would be able to "fully identify" the person(s) suspected of violating the copyright.[15] Now Boy Racer states that the subpoena results are in fact insufficient to "fully identify" the Doe Defendant, and that expedited discovery is merely the first step in what

---

[12] Docket No. 14 at 2.

[13] *Id.* at 5-6.

[14] *See* FTR Sept. 6, 2011 at 2:32:27 – 2:33:03; 2:33:40 – 2:34:52.

[15] *See* Docket No. 6 at 3:10-14.

4

Case No.: 11-2329
ORDER

could prove to be an extensive, expensive, and--equally importantly--highly intrusive discovery odyssey.[16]

Second, this reality undermines the entire rationale behind the court's prior order granting leave to take limited early discovery. As an "extraordinary remedy," expedited discovery may not be granted where the requested discovery clearly would not uncover the identities sought.[17] Although the court recognized that "information associated with [a particular] IP address is imperfect at best," it granted the limited discovery based on Boy Racer's representation that the discovery would not *clearly* fail to uncover the identity of the individuals responsible for the allegedly infringing activity."[18] Now the court has learned not only that this discovery did fail to uncover the identity of the responsible individuals, but also that Boy Racer requires additional discovery that itself may or may not be adequate to the task.

The court cannot tolerate such legerdemain.  Particularly in the context of *ex parte* requests, courts must rely upon the representation and proffers.  There are, of course, no guarantees that discovery will lead to evidence as expected, and the court does not expect perfect foresight.  But to ask at first for a limited number of ISP subpoenas, and only later to reveal that an inspection of potentially gigabytes of personal data is being sought, strikes the court as an error more egregious than that of poor foresight.  Even if the court had not been told before precisely the opposite of what it is being told now, Boy Racer offers nothing to justify the almost unbounded scope of its request for additional discovery other than the inadequacy of the discovery it has taken already. This would seem to be a prototype of what others in cases such as this have labeled the classic "fishing expedition."[19]  Accordingly, the court hereby withdraws its May 31 Order granting limited early discovery and DENIES any pending or proposed requests for further discovery.

---

[16] During the case management conference, Boy Racer conceded that depending on the stage in the case, Boy Racer would need a court order to subpoena information from the subscriber's computer(s). *See* FTR Sept. 6, 2011 at 2:30:44 – 2:31:24; 2:35:16 – 2:37:40; 2:41:25 – 2:41:35.

[17] *See Gillespie*, 629 F.2d at 642.

[18] *See Diabolic Video Productions*, Case No. 10–CV–5865–PSG, 2011 WL 3100404, at *3 (N.D. Cal. 2011) (cited in Docket No. 6).

[19] *See, e.g., VPR Internationale v. Does 1–1017,* Case No. 11–2068, Docket No. 15 at 3 (C.D. Ill., Apr. 29, 2011).

5

Case No.: 11-2329
ORDER

1    The court further ORDERS Boy Racer to show cause why the court should not dismiss its claim against Doe 1 pursuant to Fed. R. Civ. P. 4. Boy Racer shall appear for oral argument on this issue on Tuesday, September 20 at 2:00 p.m.

**IT IS SO ORDERED.**

Dated:  9/13/2011

                                            PAUL S. GREWAL
                                            United States Magistrate Judge

**United States District Court**
For the Northern District of California

Case No.: 11-2329
ORDER