Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| BOY RACER, INC., | ) | **No. C-11-02329 PSG** |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S NOTICE OF MOTION** |
| v. | ) | **AND MOTION TO CERTIFY** |
| | ) | **ORDER FOR IMMEDIATE APPEAL** |
| DOE 1, | ) | **AND FOR STAY PENDING APPEAL** |
| | ) | |
| Defendant. | ) | Hearing Date:  November 8, 2011 |
| | ) | Time:  10:00 a.m. |
| _____ | ) | Judge: Honorable Magistrate Paul S. Grewal |

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CERTIFY ORDER FOR
IMMEDIATE APPEAL AND STAY PENDING APPEAL**

Plaintiff Boy Racer, Inc., by and through its undersigned counsel, and pursuant to 28 U.S.C.

§ 1292(b), hereby moves this Court to certify its September 22, 2011 Order Denying Plaintiff's Ex-

Parte Motion for Leave to Take Further Expedited Discovery (ECF No. 21, hereinafter "September

22 Order").  Relying primarily on is previous analysis in its September 13, 2011 Order Denying

Further Discovery; Order to Show Cause (ECF No. 17, hereinafter "September 13 Order"), the

Court's September 22 Order denied Plaintiff's *Ex Parte* Application for Leave to take further

Expedited Discovery, disallowed Plaintiff the right to conduct any further discovery in this case,

prevented Plaintiff from identifying the currently anonymous Doe Defendant who should be named

in this action for wrongfully infringing upon Plaintiff's copyrighted works, and, effectively, barred

Plaintiff from pursuing its claims against Defendant.   Considering its strict terms, the Court's September 22 Order concerns a controlling question of law, as to which there is a substantial ground for difference, and resolution of such on appeal may materially advance the ultimate termination of the litigation.   Further, Plaintiff moves for an order staying the pending litigation of this case until (1) it is resolved whether an interlocutory appeal by permission will be accepted by the Ninth Circuit Court of Appeals (hereinafter "Ninth Circuit"); and (2) if such an appeal is accepted, until the Ninth Circuit has issued a final decision in the interlocutory appeal.

Also, Plaintiff requests that to the extent the Court believes a hearing on this motion is appropriate, that it schedule such hearing in this matter for a date sooner than November 8, 2011, that is convenient for the Court if available.

## BACKGOUND

Plaintiff filed this lawsuit against unidentified Doe Defendants who unlawfully infringed upon Plaintiff's copyrighted works over the Internet through a highly interactive protocol known as BitTorrent.   In short, the BitTorrent protocol allowed unidentified Doe Defendants in this case to anonymously group together with one another online in what is known as a swarm, and download and upload bits and pieces of the unique file (hereinafter "File") containing Plaintiff's copyrighted video (hereinafter "Video") to make a full pirated version of Plaintiff's Video without Plaintiff's authorization.   Plaintiff's agents personally observed each Doe Defendant in this case committing the aforementioned online infringements.   It is clear from the allegations in this case that Plaintiff has made a strong showing of Defendants' infringements, however Plaintiff still had one minor obstacle to overcome: the Doe Defendants were unidentified.   While Plaintiff's proprietary software allowed it to identify certain aspects relating to the Doe Defendants – e.g. the IP addresses whom they used to unlawfully download/upload Plaintiff's Video, and the Internet Service Provider

2

(hereinafter "ISP") who issued the IP address – it could not identify by name, address, or otherwise, the Doe Defendants in this case.

To address this concern, immediately after filing this case on May 11, 2011, Plaintiff filed Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery (hereinafter "*Ex Parte* Application") on May 12, 2011. It was not until May 31, 2011, that this Court issued its Order Granting-In-Part Motion for Leave to Take Limited Discovery Prior to Rule 26(f) Conference (hereinafter "May 31 Order") addressing the *Ex Parte* Application. In the May 31 Order, while the Court severed fifty-one Doe Defendants from this case for alleged misjoinder, the Court granted Plaintiff's *Ex Parte* Application as to one Doe Defendant, and allowed Plaintiff to issue a subpoena to the ISP that had issued the IP address that Doe Defendant used to unlawfully infringe upon Plaintiff's copyrighted works. The Court's May 31 Order included a protracted due-process oriented timeline for the ISP to eventually to eventually get the subpoenaed information back to Plaintiff – 70 days minimum. Plaintiff subsequently served the subpoena and waited.

In mid-August, Plaintiff received identifying information from the ISP. At this point, Plaintiff's lead attorney contacted and spoke with the unrepresented subscriber whose IP address was used to perpetrate the unlawful conduct alleged (hereinafter "Subscriber"). While gaining some information from talks with Subscriber, he made no outright admissions of guilt and offered up no information that would have allowed Plaintiff to form a reasonable basis for naming the Subscriber as the Doe Defendant. *At that point*, Plaintiff's lead attorney determined that more formal discovery would be necessary in this case in order for Plaintiff to accurately identify, and properly name under the Federal Rules, the Doe Defendant in this case. In other words, while it is possible that the Subscriber is the Doe Defendant in this case, Plaintiff and its attorneys felt that further limited discovery was necessary to ensure that the proper Defendant would be brought before this Court. Plaintiff's lead attorney understands that it is his ethical responsibility to have a "reasonable bas[is]"

to rely upon to name Subscriber, or another individual, as the Defendant in this case. Fed. R. Civ. Pro. 11. In other words, Plaintiff and his attorneys erred on the side of caution for the benefit of everyone involved.

*Literally days* after reaching this conclusion, Plaintiff filed its Case Management Conference Statement and Rule 26(f) Report (ECF Nos. 14 and 15) on August 30, 2011, to dutifully notify the Court as soon as possible, among other things, that, while a necessary first step, Plaintiff's initial *Ex Parte* Application was not sufficient to identify the Doe Defendant at that time, and that Plaintiff intended to apply for further limited discovery in this case in order to comply with his ethical obligations. At the September 6, 2011, Initial Case Management Conference, the Court focused in on Plaintiff's potential future request during the twenty-four minute hearing.

In the order that followed the hearing, the Court's general disdain for Plaintiff's litigation was evident. (ECF No. 17.) While recognizing that "[t]here are, of course, no guarantees that discovery will lead to evidence as expected," the Court found Plaintiff's anticipated need for further discovery to be "plainly inconsistent" with Plaintiff's prior representations. (*Id.* at 4:18–19, 5:13–14.) Although Plaintiff had not yet filed a request for additional discovery, the Court nevertheless found that Racer "offers nothing to justify the almost unbounded scope of its request for additional discovery other than the inadequacy of the discovery it has taken already." (*Id.* at 5:18–19.) The Court then withdrew its May 31, 2011 Order granting limited early discovery and preemptively denied "*any pending or proposed requests for further discovery*." (*Id.* at 5:22) (emphasis added).

As the Court's September 13 Order was issued *sua sponte*, and did not allow Plaintiff to explain the reasons for its need for further discovery—much less the scope of its request—Plaintiff filed its twenty-one page Plaintiff's *Ex Parte* Application for Leave to Take Further Expedited Discovery (hereinafter "*Ex Parte* Application for Further Discovery") to fully explain (1) the scope of its request, (2) how Plaintiff would tier the discovery to minimize Subscriber's burden, and (3)

why Plaintiff needed the information to properly identify the Defendant in this matter. (ECF No. 18, September 18, 2011).  At the September 20, 2011, hearing in front of the Court on a related issue, the Court seemed receptive to Plaintiff's idea for some further discovery, but was not sure how much discovery Plaintiff should be allotted at this time.  At that hearing, Plaintiff also requested that, should the Court deny its more formal request, that the Court certify that issue for review before the Ninth Circuit.

The Court's two page Order Denying Plaintiff's Ex-Parte Motion for Leave to Take Further Expedited Discovery (ECF No. 21, September 22, 2011) essentially reiterated its September 17 Order general denial of further discovery in this case.  First, the Court starts off by dismissing Plaintiff's current application by referring back to the Court's September 17 Order, "because," as the Court states, "there is little purpose in repeating the reasoning of that decision."  Then, citing to *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002), the Court stated,

> Expedited discovery in this district requires a showing of good cause pursuant to Fed. R. Civ. P. 26(d).  Among the considerations the court must weigh in evaluating good cause is the "administration of justice."  The foundation for the previous order authorizing limited expedited discovery was a representation that the discovery sought would "fully identify" "each P2P network user suspected of violating the plaintiff's copyright." [citing to conjoined fragments of Plaintiff's original *Ex Parte* Application, filed all the way back on May 11, 2011]  Where that representation is later revealed to be incomplete or even false, and still further and far more invasive discovery of a third party is requested long before any defendant is actually name, the court cannot find any "good cause" to justify the request.  (ECF No. 21 at 1:21-2:4).

The Court's September 22 Order does not certify the issue of whether Plaintiff is entitled to *any* further discovery in this matter, as was requested by Plaintiff's attorney at the September 20 hearing.  Plaintiff now brings this Motion to Certify to formally bring the request for certification of its September 22 Order.

//

//

**DISCUSSION**

The Court's September 22 Order concerns a controlling question of law, as to which there is a substantial ground for difference, and resolution of such on appeal may materially advance the ultimate termination of the litigation.  Disallowing any discovery to identify the Doe Defendant in this case is obviously controlling because, without it, Plaintiff cannot proceed further in this case. Moreover, there is a substantial ground for difference here because most federal courts in this District, and around the country, are in favor of allowing Plaintiff to discover identifying information of a Doe Defendant who violated their rights using limitedly invasive discovery techniques.  Lastly, there is no doubt that any resolution by the Ninth Circuit would materially advance this litigation from its present impasse.

**1.       Legal Standard for Certification Under 28 U.S.C. § 1292(b).**

The certification requirements of 28 U.S.C. § 1292(b) require: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Anti-Trust Litigation,* 673 F.2d  1020, 1026 (9th Cir. 1982).

**2.       An Appeal Would Involve "A Controlling Question of Law."**

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *Id.*  This is undisputed.  Currently, Plaintiff's case is stuck between the proverbial rock and a hard place.  The rock: the Court has expressly said that it has preemptively denied "any pending or proposed requests for further discovery," and specifically any discovery attempts at identifying, to later name, the Defendant in this case.  The hard place: Plaintiff must have a "reasonable bas[is]" to name Defendant in this case under Rule 11, and without such, its attorney cannot ethically name the individual it suspects to be the Defendant in this case.  While the Court's Orders seem to be asking

Plaintiff to ignore its ethical obligations and name Subscriber, Plaintiff does not believe it has a "reasonable bas[is]" to do so without further discovery. Discovery that the Court denies.

An appeal of this issue would "materially advance the outcome of the litigation" because its outcome would decide whether Plaintiff's case would be allowed to go forward or not. *Id.* If the Court of Appeals was to agree with Plaintiff here, and allow Plaintiff to proceed with discovery to properly identify the Doe Defendant in this case, Plaintiff's case would move forward. If, on the other hand, the Court of Appeals was to agree with this Court, Plaintiff's case would end as no Defendant would be able to be named. An appeal of this issue would, therefore, be "controlling."

### 3. There is a Substantial Ground for Difference of Opinion.

Plaintiff submits that there is a substantial ground for difference of opinion as to whether Plaintiff has demonstrated "good cause" under *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002) relating to its *Ex Parte* Application for Further Discovery. (ECF No. 18). "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The "controlling law is unclear" under *Couch*, "where the matter certified for appeal 'involves an issue over which reasonable judges might differ,' and where uncertainty over the certified matters "provides a credible basis for a difference of opinion.'" *In re Google Inc. Street View Electronic Communications Litigation*, No. C 10-MD-02184, 2011 WL 2571632, at *2 (N.D. Cal. June 29, 2011) *quoting Reese v. BP Exploration (Alaska), Inc.* No. 10-35128, 2011 WL 2557238, at *5 (9th Cir. 1966).

The Court specifically notes the *Semitool* factor allegedly lacking in Plaintiff's *Ex Parte* Application for Further Discovery during the Court's good cause analysis – "the administration of justice." *Semitool, Inc.*, 208 F.R.D. at 275. As the Court states, "the foundation" for its previous order was a "representation [by Plaintiff] later revealed to be incomplete or even false…" (ECF No.

17 at 1:23-2:2).  In making its assertion, the Court, however, relies on an assertion that is taken out of context.  The Court specifically refers to a statement in Plaintiff's May 12 *Ex Parte* Application in which Plaintiff allegedly stated, "that the discovery sought would 'fully identify' 'each P2P network user suspected of violating the plaintiff's copyright.'" (ECF No. 17 1:25-2:1).  The unabridged version, however, is as follows:

> *Generally, in these types of cases*, as Your Honor understands, copyright holder plaintiffs use information similar to that gathered by Plaintiff in the instant case as the basis for their proposed subpoenas to the ISPs.  As evidenced by the various court opinions, such information is sufficient for such expedited subpoenas.  Through the information they gather from the ISPs via these subpoenas, the plaintiffs are able to fully "identify" – i.e. retrieve name, address, telephone number, e-mail address, and Media Access Control (hereinafter "MAC") information – each P2P network user suspected of violating the plaintiff's copyright. (ECF No. 6 at 3:7-14) (emphasis added).

First, the Court did not note that Plaintiff was referring to "these types of cases" in a general sense.  Plaintiff never assured the Court that in this case it would be able to guarantee that discovery from the ISPs would be able to fully identify Defendants in this case.  Second, even were the Court to ignore the generality of Plaintiff's statement, it is true that Plaintiff, by getting Subscriber information back from the ISPs, would be able to identify individuals "suspected" of violating the plaintiff's copyright.  As Plaintiff has pointed out to the Court numerous times, both at oral hearings before the Court and briefs submitted to the Court in this case, Subscribers have always been "suspected" of violating Plaintiff's copyrights.  Whether they actually have, and whether there is enough evidence to support a "reasonable bas[is]" to name them as Defendants in a case like this one, is not the same question as whether they are merely "suspected" of violating Plaintiff's copyrights.  For the Court to say that Plaintiff omitted facts or deceived the Court based on the statement that the Court pointed out in its September 22 Order is not supportable, particularly in light of the Court's own understanding of the relationship between a subscriber and a Doe Defendant, "[T]he relationship between accused activity linked to an IP address and subscriber

information is imperfect at best." *Diabolic Video Productions, Inc.*, No. 5:10-cv-05865-PSG, at 4 (quoting *VPR Internationale v. Does 1-1017*, No. 2:11-cv-02068-HAB-DGB, at 2 (C.D. Ill. Apr. 29, 2011), ECF No. 15). On the one hand, the Court confirms that the relationship between the subscriber and an infringer is "imperfect at best." On the other hand, the Court expresses shock that further discovery might be needed to address this imperfection. Plaintiff is caught in the middle of this contradiction.

Further, and more importantly, Plaintiff believes there is no basis for the Court to use its good-cause standard to deny Plaintiff the right to proceed with the expedited discovery in this case. While understanding that the Court has some discretion to deny some discovery, the Court's discretionary powers are not limitless under *Semitool, Inc*. 208 F.R.D. at 275.

*Semitool* instructs that, "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* Citing no prejudice to the responding party (i.e. the ISP), the Court focuses on the "administration of justice," and, as discussed above, how the Court was given "incomplete or even false" information as a basis for Plaintiff's previous *Ex Parte* Application. As explained, however, that was never the case. As Plaintiff's counsel discussed with the Court in numerous in-court hearings, nothing said in any of the Plaintiff's briefs was "incomplete" or "false." (ECF No. 21). As more fully explained above, Plaintiff and its counsel was entirely open with the Court about what it needed from the time it was needed. When Plaintiff's counsel, for instance, concluded that, after receiving the information from the ISP and had discussions with the Subscriber, Plaintiff would need more discovery from the Court before properly naming the Defendant in this case, Plaintiff *immediately* notified the Court in Plaintiff's Initial Case Management Conference Statement (ECF No. 14) about this issue and future need, and, further, Plaintiff's counsel discussed the matter for almost thirty minutes with the Court during a hearing one week later.

PLAINTIFF'S MOTION TO CERTIFY ORDER FOR IMMEDIATE APPEAL AND STAY     No. C-11-02329 PSG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Clearly, there is nothing about Plaintiff's actions that even approach deceit.  Because this was the Court's only basis for finding that Plaintiff's request lacked "good cause" under *Semitool*, the Court's ruling lacks any legitimate legal support. (*See* ECF No. 21).  For that reason, looking at the facts and procedural posture of this case, a typical court would find good cause for further discovery to identify the Defendant in this case.

### 4.     An Immediate Appeal May Materially Advance the Ultimate Determination of This Case.

Under 28 U.S.C. § 1292(b), certification of a question of law for immediate appeal is desirable if "an immediate appeal from the order may materially advance the ultimate determination of the litigation."  *See also, e.g., Katz v. Carte Blanche Corp.*, 496 F.2d 747, 756 (3rd Cir. 1974) (en banc circuit finds that "possibility of considerable avoidable wasted trial time and litigation expense" justifies interlocutory appellate review).  Those parties seeking interlocutory review do not need to demonstrate a likelihood of prevailing on the merits. Further, as *Reese* emphasizes, "neither § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation." *Reese*, 2011 WL 2557238, at *5.

In this case, an interlocutory appeal can only "materially advance the ultimate determination of the litigation." 28 U.S.C. § 1292(b).  At this point, Plaintiff's case is completely stagnant in this Court.  Without the ability to conduct any discovery to identify the sole Defendant left in this case, Plaintiff's case cannot move forward at this point.

It seems the Ninth Circuit can only rule in one of two ways: affirm or reverse this Court's September 22 Order.  If the Circuit affirms the Court's Order, Plaintiff cannot name the Defendant in this case, and, therefore, would have to dismiss the case.  If, on the other hand, the Circuit reverses, Plaintiff will be able to go forward with its further expedited discovery, name the Defendant in this

case, and proceed forth against the named Defendant.  For these reasons, it is clear that "an immediate appeal from the order may materially advance the ultimate determination of the litigation." 28 U.S.C. § 1292(b).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court to certify its September 22, 2011 Order Denying Plaintiff's Ex-Parte Motion for Leave to Take Further Expedited Discovery (ECF No. 21) for immediate appeal and stay this action pending the resolution of that appeal. Further, Plaintiff moves for an order staying the pending litigation of this case until (1) it is resolved whether an interlocutory appeal by permission will be accepted by the Ninth Circuit Court of Appeals (hereinafter "Ninth Circuit"); and (2) if such an appeal is accepted, until the Ninth Circuit has issued a final decision in the interlocutory appeal.

Also, Plaintiff requests that to the extent the Court believes a hearing on this motion is appropriate, that it schedule such hearing in this matter for a date sooner than November 8, 2011, that is convenient for the Court if available.


Respectfully Submitted,

STEELE HANSMEIER PLLC,

**DATED: September 28, 2011**

By:      /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 28, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/  Brett L. Gibbs
Brett L. Gibbs, Esq.

PLAINTIFF'S MOTION TO CERTIFY ORDER FOR IMMEDIATE APPEAL AND STAY      No. C-11-02329 PSG