UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOY RACER, INC., ) | Case No.: C 11-2329 PSG |
| ) | |
| Plaintiff, ) | **ORDER DENYING PLAINTIFF'S** |
| v. ) | **MOTION TO CERTIFY ORDER FOR** |
| ) | **IMMEDIATE APPEAL AND FOR** |
| DOES 1-52, ) | **STAY PENDING APPEAL** |
| ) | |
| Defendants. ) | **(Re: Docket No. 22)** |
| ) | |

In this copyright infringement suit, Plaintiff Boy Racer, Inc. ("Boy Racer") seeks certification for interlocutory appeal of the court's September 22, 2011 order denying Boy Racer further expedited discovery against unnamed Doe Defendant "Doe 1." After the court granted limited early discovery as to one Doe Defendant only and severed the other Defendants for misjoinder, Boy Racer issued a subpoena to the Internet Service Provider ("ISP") for the identifying information associated with the suspected infringer's IP address. Upon receiving the subpoenaed information, Boy Racer's counsel contacted and spoke with the ISP subscriber.

1
Case No.: 11-2329 PSG
ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY ORDER FOR APPEAL

Counsel then determined that it had insufficient information to form a "reasonable basis" to name that person in the suit.[1]

In an attempt to yet name the defendant, Boy Racer sought further expedited discovery with respect to Doe 1. The court found the request for further expedited discovery to be inconsistent with Boy Racer's prior representations – relied upon by the court in granting limited early discovery in the first instance – that a subpoena to the ISP would be sufficient to fully identify the suspected infringer. Furthermore, the court deemed Boy Racer's requested follow-up discovery to be highly intrusive upon the responding party's privacy rights. Thus, the court found that Boy Racer failed to meet considerations of the administration of justice and thereby failed to establish "good cause" for early discovery.[2] The court denied Boy Racer's request.[3]

Appeal of a non-final order requires the consent of both the district court and the court of appeals.[4] The order subject to appeal must fulfill three requirements: (1) that there be a controlling question of law; (2) that there be substantial grounds for difference of opinion; and (3) that an immediate appeal may materially advance the ultimate termination of the litigation.[5] This mechanism is to be narrowly applied and used only in "exceptional situations in which allowing an

---

[1] See Fed. R. Civ. P. 11(b).

[2] See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.").

[3] See Docket No. 17 (September 13, 2011 Order) and Docket No. 21 (September 22, 2011 Order).

[4] See In re Cement Anti-Trust Litigation, 673 F.2d 1020, 1025-26 (9th Cir. 1982).

[5] See 28 U.S.C. § 1292(b) ("When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order *involves a controlling question of law as to which there is substantial ground for difference of opinion* and that an immediate *appeal from the order may materially advance the ultimate termination of the litigation*, he shall so state in writing in such order.") (emphasis added).

interlocutory appeal would avoid protracted and expensive litigation."[6] All three requirements must be met.[7]

At a minimum, the court is not persuaded that the first or second of the requirements is met here. It is not enough that "reasonable judges might differ" over application of the facts at hand to the "good cause" standard for expedited discovery. Whether "substantial grounds for difference" exists under Section 1292(b) depends on the extent to which the controlling law is unclear.[8] "That settled law might be applied differently does not establish a substantial ground for difference of opinion."[9] Here, the order addresses whether the extraordinary remedy of expedited discovery may be applied to effectuate multiple rounds of increasingly intrusive discovery on an unnamed party when the initial representation to the court proved to be inaccurate. While courts in this district may vary in their application of the good cause standard to expedited discovery requests in similar cases, Boy Racer cites to no other case involving a <u>further</u> request for expedited discovery or evaluating the effect of a party's representations on the "good cause" analysis.[10] As in the Ninth Circuit's decision affirming the district court's denial of certification in *Couch*, Boy Racer has "not provided a single case that conflicts with the district court's construction or application" of the "good cause" standard on a request for further expedited discovery.[11]

Because Boy Racer cannot establish that the court's order denying further discovery involves a "controlling question of law" about which there are "substantial grounds for difference

---

[6] *See In re Cement Anti-Trust Litigation*, 673 F.2d at 1026.

[7] *See Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

[8] *See Couch*, 611 F.3d at 633.

[9] *Id.*

[10] *See id.* (affirming a denial of certification in part because the party seeking appeal failed to present "'identification of a sufficient number of conflicting and contradictory opinions'") (quoting *Union County, Iowa v. Piper Jaffay & Co.,* 525 F.3d 643, 647 (8th Cir. 2008)).

[11] *See id.*

3
Case No.: 11-2329 PSG
ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY ORDER FOR APPEAL

of opinion," it is not enough that immediate appeal "may materially advance the ultimate determination of the litigation." For these reasons, the court hereby DENIES Boy Racer's motion to certify the September 22 Order to the Ninth Circuit for its consideration.

**IT IS SO ORDERED.**

Dated: November 16, 2011

                                            PAUL S. GREWAL
United States Magistrate Judge