Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOY RACER, INC., ) | |
| ) | |
| Plaintiff, ) | **No. 5:11-CV-02329-PSG** |
| v. ) | |
| ) | |
| ) | **PLAINTIFF'S RESPONSE** |
| DOES 1-52, ) | **TO ORDER TO SHOW CAUSE** |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

On March 8, 2012, the Court ordered Plaintiff to show cause why the Court should not dismiss its claims pursuant to Fed. R. Civ. P. 4(m).[1] (ECF No. 26, hereinafter "March 8 Order".) Plaintiff respectfully submits this response in return.

**I.    LEGAL STANDARD**

Rule 4(m) requires a court to extend a plaintiff's time for serving the complaint if plaintiff can establish good cause. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Absent a showing of good cause, Rule 4(m) permits a court to exercise its discretion to extend the time for service. Plaintiff can establish good cause and the history of this case weighs strongly in favor of the Court exercising its discretion to extend the time for service.

---

[1] The Court "ORDERS Plaintiff to show cause why the court should not dismiss its claims pursuant to Fed. R. Civ. P. 4. No later than March 23, 2012, Plaintiff shall file a response to the order to show cause."

## II. BACKGROUND

Plaintiff filed its complaint on May 11, 2011, against 52 Doe Defendants. (Compl., ECF No. 1.) Because Plaintiff did not know the identities of the Defendants—all of whom operated anonymously under the cover of IP addresses—Plaintiff could not name or serve them with process. (*See Id.*) Pursuant to Title 28 U.S. C. Section 636(c), on May 12, 2011, Plaintiff filed its Consent to Proceed Before a United States Magistrate Judge. (ECF No. 5.) No party, other than the Plaintiff, has consented to proceed before the Magistrate Judge as of yet.

On May 12, 2011, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery aimed at ascertaining the identities of the Doe Defendants. (ECF No. 6.) In its *ex parte* application, Plaintiff stated that the purpose of the requested limited discovery is "solely to determine the true identities of Doe Defendants that Plaintiff will fully identify *during the course of this litigation,* as Plaintiff's infringement prevention efforts are *on-going and continuing.*" (*Id.* 2:21-23) (emphasis added). On May 31, 2011, the Court, granted discovery with respect to Doe 1, and severed the remaining 51 Does to the case. (Order, ECF No. 8.)

Plaintiff then served Doe 1's Internet Service Provider (ISP), Verizon Online, with a subpoena dated June 1, 2011 commanding production of identifying information regarding Doe 1. (Decl. of Brett Gibbs, ECF No. 19-2 ¶ 2.) Pursuant to the Court's Order, Plaintiff was required to allow the ISP seventy (70) days to return Plaintiff's subpoena. (*See* Order, ECF No. 8 (allowing the ISP 30 days to notify its subscriber, allowing the subscriber 30 days to file a motion to quash and allowing 10 days for the return of information following the lapse of the previous deadlines)).

On July 8, 2011, Plaintiff filed its *Ex Parte* Application for Leave to Continue Initial Case Management Conference showing the court that good cause—namely waiting for the ISP to return the subpoena with the requested information regarding Doe 1—existed for continuing the CMC. (ECF No. 9.) On July 14, 2011, that motion was granted. (Order, ECF No. 13.)

On July 15, 2011, Plaintiff filed its ADR Certification by Parties and Counsel. (ECF No. 11.) This Certification was signed by both the Plaintiff and Plaintiff's Counsel and noted Plaintiff's continued dedication and efforts to resolve this matter through alternative dispute resolution. (*Id.*)

On the same day, Plaintiff's counsel also filed a Notice of Need for ADR Phone Conference and requested an ADR Phone Conference. (ECF No. 12.) However, this request was not responded to as late as August 30, 2011 (Pl.'s Case Management Conference Statement, ECF No. 14 14:1-2.), and Plaintiff has yet to have an ADR Phone Conference scheduled by the Court.

On August 18, 2011, Verizon produced the subpoenaed information and identified Lance Freeman as the account holder. (Pl.'s *Ex Parte* Application for Leave to Take Further Disc., ECF No. 18 6:15-16.) Between August 18, 2011 and August 30, 2011, counsel for Plaintiff attempted to contact Freeman for purposes of determining whether he was the infringer or merely the subscriber. (*See* Decl. of Brett L. Gibbs, ECF No. 14-1 ¶¶ 3–11.) Attempts at contact with Freeman were made through various methods as part of Plaintiff's preparation for the Joint Case Management Conference scheduled by the Court. (*See id.*) Freeman was uncooperative and at one point threatened to destroy his computer. (*Id.* ¶¶ 10–11.)

On August 30, 2011, Plaintiff filed its Case Management Conference Statement addressing its persistent difficulty in communicating with Mr. Freeman. (*Id.*; Pl.'s Case Management Conference Statement, ECF No. 14 1, n.1.) On the same day, Plaintiff also submitted its Rule 26(f) Report outlining its difficulty in obtaining basic cooperation from the identified Subscriber (Rule 26(f) Report, ECF No. 15.) On September 6, 2011, Plaintiff's counsel Brett Gibbs appeared before the court for a Case Management Conference. (ECF No. 16.) No appearances were made by any Defendant or any counsel representing a Defendant. (*Id.*)

In its Order of September 13, 2011, the Court not only withdrew its May 31 Order granting limited early discovery, but also categorically denied "any pending or proposed requests for further discovery", staying the case.[2] (Order, ECF No. 17 5:22.) The Court further ordered Plaintiff to show cause for why it should not dismiss the case under Rule 4(m). On September 18, 2011, Plaintiff filed a motion for leave to take further discovery in an effort "to document the actual scope of its request,

---

[2] The Court outlines the grounds for its categorical denial of any future discovery by the Plaintiff as:
  (1) "[t]o the court's surprise, . . . [Boy Racer] revealed for the first time that still more discovery was required"; and
  (2) "it granted the discovery based on Boy Racer's representation that the discovery would not *clearly* fail to uncover the identity of the individual."

to provide the Court with the applicable legal standard governing requests for early discovery, and to fortify the record for any potential appeals of such a denial." (Pl's *Ex Parte* Application for Leave to Take Further Expedited Discovery, ECF No. 18 7:15-17.) Additionally, on September 19, 2011, Plaintiff filed its Response to the Court's Order to Show Cause outlining the Plaintiff's maximum expediency throughout the proceeding (*See* ECF No. 19.) The Court has yet to rule on Plaintiff's response to the Court's Order to Show Cause.

On September 22, 2011, the Court denied Plaintiff's *ex parte* Motion for Leave to Take Further Expedited Discovery on the grounds that Plaintiff's representation of its expectations regarding the discovery was "incomplete or even false" (Order, ECF No. 21 2:2) despite previous statements by the court that there are, "of course, no guarantees that discovery will lead to evidence as expected, and the court does not expect perfect foresight." (Order, ECF No. 17 5:13-14.) In response, on September 28, 2011, Plaintiff moved this Court to certify its September 22, 2011 Order for immediate appeal and for stay pending appeal. (ECF No. 22.) Approximately two months later, this Motion was denied by this Court noting that Plaintiff has failed to provide such case law "involving a further request for expedited discovery or evaluating the effect of a party's representations on the "good cause" standard on a request for further expedited discovery."[3] (ECF No. 25 3:11-14.)

On March 8, 2012, the Court ordered the Plaintiff to show cause as to "why the court should not dismiss its claims pursuant to Fed. R. Civ. P. 4, and that, "[n]o later than March 23, 2012, Plaintiff shall file a response to the order to show cause." (March 8, 2012 Order, ECF No. 26.) There are now two show cause orders relating to Fed. R. Civ. P. 4 pending in this matter, one of which Plaintiff has responded to and is awaiting a disposition and a second one which Plaintiff responds to here.

---

[3] "While courts in this district may vary in their application of the good cause standard to expedited discovery requests in similar cases, Boy Racer cites to no other case involving further request for expedited discovery or evaluating the effect of a party's representation on the "good cause" analysis." (ECF No. 25 3:11-14) (no citation provided). It is the Plaintiff's belief that the reasons for Plaintiff's omission and the Court's deficiency to cite to such a case is due to the fact that courts do not distinguish between "expedited discovery" and "further expedited discovery."

### III. GOOD CAUSE

"When considering [whether] … to dismiss a complaint for untimely service, courts must determine whether good cause for the delay has been shown on a case by case basis." *In re Sheehan*, 253 F.3d at 512. The Ninth Circuit has recognized that, "at a minimum, good cause means excusable neglect." *Id.* (citation omitted). Beyond the "excusable neglect" standard, the Ninth Circuit has articulated three factors (the "*Boudette*" factors) that a plaintiff *may* be required to show in order to bring an "excuse" to the level of good cause, but in its Order to Show Cause the Court did not order Plaintiff to discuss the *Boudette* factors. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). Nor do the *Boudette* factors appear to have much relevance to a Rule 4(m) good cause analysis where the reason for non-service is that the identity of the defendant has not been ascertained. *See Id.*

In this case, Plaintiff has good cause for not serving Mr. Freeman. First, Plaintiff is awaiting the Court's ruling on the September 13, 2011 Show Cause Order (ECF No. 17.) Second, Plaintiff has not been able to take any action in this case because of the Court's order, *inter alia*, withdrawing its original grant of discovery. Without the information obtained in the original grant of *ex parte* discovery Plaintiff has no means of serving the Doe Defendant in this case. Plaintiff has good cause for not serving the Doe Defendant because it is awaiting a ruling from this Court and because Plaintiff has halted its efforts in compliance with the Court's stay of this case. Plaintiff is unable to proceed in this matter until the Court rules on the original show cause motion and at least restores to Plaintiff the account holder information originally gained in the first *ex parte* discovery order. Plaintiff has been diligent in responding to every procedural demand throughout the proceedings and Plaintiff has been duly respectful of the Court's orders and directives.

The "excusable neglect" standard would also appear to be readily satisfied. First, as outlined above, Plaintiff has not demonstrated any form of neglect because it has acted as swiftly as possible at every turn. And even if the action of awaiting a decision from the Court or complying with the Court's directives falls within the definition of "neglect", it would certainly be excusable, particularly since: 1) an unknown party cannot possibly be served with a complaint; and 2) Plaintiff acted expeditiously at every turn.

## IV. DISCRETION

Even if the Court concludes that Plaintiff does not have good cause, it should nevertheless exercise its discretion to extend the time for service. Plaintiff has acted expeditiously at every turn and it has dutifully complied with each of this Court's directives. These factors weigh heavily in favor of the Court exercising its discretion to extend the time for serving the complaint.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court extend Plaintiff's time for service of the complaint.

Respectfully Submitted,

Prenda Law Inc.

**DATED: March 23, 2012**

By: _____/s/ Brett L. Gibbs, Esq._____

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

6
PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE   No. 5:11-CV-02329-PSG

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 23, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/ Brett Gibbs
Brett L. Gibbs