UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOY RACER, INC., <br><br> Plaintiff, <br> v. <br><br> DOES 1-52, <br><br> Defendants. | Case No.: 11-2329-PSG <br><br> **ORDER DISSOLVING ORDERS TO SHOW CAUSE AND DISMISSING CASE WITHOUT PREJUDICE** <br><br> **(Re: Docket Nos. 17, 26)** |

The Federal Rules of Civil Procedure are to be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."[1] Rule 4(m) provides a 120-day deadline for service of the complaint on a defendant and serves to avoid a delay that might be counterproductive to the just, speedy, and inexpensive resolution of a case.[2] Rule 4(m) also provides for an extension of the deadline for good cause or in the court's discretion.[3] Such an extension must serve the purpose of the federal rules and further the possibility of resolving the case – not be an exercise in futility.[4]

---

[1] Fed. R. Civ. P. 1.

[2] *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

[3] *See id*; *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

[4] *See* Fed. R. Civ. P. 4, 1993 Advisory Committee Notes (explaining that subdivision (m) of Rule 4 "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown," such as related to the statute of limitations or if the defendant is evading service).

1

Case No.: 11-2329
ORDER

Having carefully considered the procedural history and actual status of this case, the court is unable to identify how extending Plaintiff Boy Racer's ("Boy Racer") time for service will further the goal of securing a resolution. As explained in earlier orders, Boy Racer filed the operative complaint on May 11, 2011, alleging copyright violations against 52 individual "Doe" Defendants for their alleged participation in the illegal downloading and distributing of Boy Racer's copyrighted work. The court initially granted-in-part Boy Racer's ex parte application for leave to take early discovery,[5] which allowed Boy Racer to secure by subpoena the suspected "Doe 1's" name and contact information as maintained by the Internet Service Provider ("ISP"). After Boy Racer obtained this information and initiated contact with the individual, Boy Racer informed the court that it sought leave to take additional, early discovery of this individual, including by inspection of his computers and electronic devices, in order to positively identify whether he could be named on the complaint as the alleged infringer, or whether he was merely the ISP subscriber.[6] In two separate orders, the court denied Boy Racer's requests for leave to take further early discovery and withdrew its earlier order granting limited, early discovery.[7] The court also denied Boy Racer's motion to certify for appeal the interlocutory order denying further ex parte discovery.[8]

The court will not revisit those orders here. The court instead turns to Boy Racer's response to the more recent order to show cause why the case should not be dismissed pursuant to Rule 4(m). Under the rule, the court must extend a plaintiff's time for service if the plaintiff can establish good cause.[9] Boy Racer argues that good cause exists here because Boy Racer has

---

[5] Docket No. 8.

[6] *See* Docket Nos. 14 (Pl.'s Case Management Conference Statement), 15 (Pl.'s Rule 26(f) Report), 18 (Pl.'s Ex Parte Application for Leave to Take Further Expedited Discovery).

[7] *See* Docket Nos. 17, 21.

[8] Docket No. 25.

[9] Fed. R. Civ. P. 4(m); *In re Sheehan*, 253 F.3d at 512 (describing the two-step analysis under Rule 4(m) whereby: (1) upon a showing of good cause for defective service, the court must extend the time period; and (2) absent good cause, the court has discretion to dismiss without prejudice or to extend the time period).

2
Case No.: 11-2329
ORDER

pursued the litigation with diligence, has complied faithfully with the court's schedule and responded to its orders, and has pursued every means available to ascertain the name of Doe 1. Boy Racer suggests that by withdrawing its earlier grant of limited discovery and denying all further requests to pursue early discovery, the court effectively stayed the case, foreclosing any possibility for Boy Racer to comply with the service deadline. Because Boy Racer "acted expeditiously at every turn" and "an unknown party cannot possibly be served with a complaint," Boy Racer argues that it should be allowed additional time for service.

The court agrees that Boy Racer has pursued this case with diligence. It is not precise, however, to frame the court's denial of further early discovery as effectuating a stay. Leave by the court to take expedited discovery is rare – an exception to the general rule.[10] Thus in a "normal" case, the plaintiff does not have authorization to gather discovery before conferring with the defendant pursuant to Fed. R. Civ. P. 26(f). After granting the limited, early discovery that Boy Racer represented would be sufficient to fully identify the network user suspected of committing the alleged copyright violation – and learning that this was not sufficient but merely a first foray into what would have become even more intrusive discovery of an unnamed third party – the court returned Boy Racer to the status quo set by the federal rules. Those rules provide a deadline which has now come and gone.

From a practical standpoint, the court sees no benefit to extending the deadline for service. Despite the court's grant of limited, early discovery and Boy Racer's persistent attempts to expand this grant, it has been unable to discover the identity of Doe 1. In light of this history, the court is not persuaded that Boy Racer has good cause for a Rule 4(m) extension.[11] Moreover, however one

---

[10] *See Columbia Ins. Co. v. Sees Candy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing those "rare cases" in which courts have made exceptions to the timing elements of Fed. R. Civ. P. 26(d)(1) in order "to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant"); *Wakefield v. Thompson*, 177 F.3d 1160, 1162 (9th Cir. 1999) (explaining the circuit's position that a "plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds") (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

[11] The Ninth Circuit has explained good cause to mean, at a minimum, "excusable neglect." *In re Sheehan*, 253 F.3d at 512 (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). Factors that the court considers in determining whether the excuse rises to the level of good cause include whether plaintiff has shown: (1) that the party to be served received actual notice of the lawsuit; (2) the defendant would suffer no prejudice by an extension; and (3) the plaintiff would be severely

3

Case No.: 11-2329
ORDER

might characterize the cause for the missed service deadline, Boy Racer does not have any means – whether granted additional days or months – to move the case toward resolution. The effect of an extension would be a nullity.[12] The court therefore DISSOLVES its pending orders to show cause why the case should not be dismissed for lack of prosecution based on Boy Racer's timely responses, and further DISMISSES this matter WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: May 4, 2012

PAUL S. GREWAL
United States Magistrate Judge

---

prejudiced by a dismissal. *See id.* The *Boudette* factors are difficult to relate to the circumstances of this case, in which any excusable neglect stems from an inability to identify the unknown defendants even after a grant of limited, early discovery, and not from a mere failure of service.

[12] The court understands Boy Racer to have taken the position that the case against Doe 1 cannot move forward in light of the court's earlier orders.